J. B. GRAY, Appellee, v. CITY OF DES MOINES, ET AL., Appellants.

Municipal corporations: PUBLIC IMPROVEMENT: ASSESSMENT: LIMITATION AS TO ABUTTING PROPERTY. In determining what is abutting property for the purpose of assessment to pay the cost of constructing a sewer through a large and unplatted tract of a single

owner, some reasonable limit as to the depth of the alleged abut-
ting property to be assessed should be established, rather than to
spread the assessment over the entire tract. And for the pur-
pose of determining such reasonable limit, for which no fixed rule
can be made, the court may treat the tract as though already
platted, in conformity with platted land surrounding it.
In this case the limitation as fixed by the trial court is upheld.

Same: ASSESSMENT: PROPERTY INDIRECTLY BENEFITED. Where an as-
sessment of only abutting property is made for public improve-
ment, the fact that property more or less remote will receive an
indirect benefit from the improvement, which in this case is a
main sewer for a large area, does not require the assessment of
such remote property.

Same: VALUATION OF PROPERTY: EVIDENCE. Where it was admitted
in procedings to assess a large tract of unplatted land for a pub-
lic improvement, as in this case, that the acreage value of the
tract was a certain sum the admission is presumptively applicable
to each acre, including that portion of the land abutting upon
the improvement.

*Appeal from Polk District Court.*—HON. W. H. MCHENRY,
Judge.

TUESDAY, MARCH 7, 1911.

APPEAL from a sewer assessment in the City of Des
Moines. Upon hearing in the District Court, the assess-
ment was reduced. From such order the defendants have
appealed.—*Affirmed.*

*Robert O. Brennan, J. M. Parsons,* and *Eskil C.
Carlson,* for appellants.

*Bradshaw & McClain,* for appellee.

EVANS, J.—The plaintiff was the owner of two cer-
tain tracts of land within the corporate limits of the city
of Des Moines and known in this record as lots eight and
nine. Lot eight comprised an acreage of fifty-eight thirty-

two hundredths acres. Lot nine was a small tract adjoining lot eight. The assessment on lot nine was confirmed in the lower court and is not involved in this appeal. Lot eight is an unplatted and uninhabited tract lying between De Motte's addition on its north side and Polk & Hubbell's addition on its south side. It is bounded on the north by Thompson Street, on the south by Washington Avenue, on the east by an extension of Fourteenth Street, and

on the west by an extension of Ninth Street.    Prior to
the construction of the sewer, Thirteenth Street had been
extended north from Washington Avenue through the tract
in question to Thompson Street.    The foregoing plat will
aid to an understanding of the discussion.

The city council of Des Moines ordered the construc-
tion of a sewer known as No. 1 of the Grand View System.
This began at the intersection of Filmore and Fourteenth
Streets and extended north on Fourteenth Street to Wash-
ington Avenue; thence west on Washington Avenue to
Thirteenth Street; thence north on Thirteenth Street
through the plaintiff's tract to Thompson Street; thence
west on Thompson Street to Ninth Street; and thence to
its outlet a short distance from this point, the course of
the flow of the sewage being to the north and west.    The
total cost of the sewer was about $20,000, all of which
was assessed against the abutting property.    Of this sum
$6,067.33 was assessed against plaintiff's fifty-two-acre tract
known as lot eight.    This result was reached by reason of
its large frontage on the three streets in the course of the
sewer, being a total of 5,339.91 feet.    The assessment was
made on a basis of $1.134 per front foot.    It was agreed
on the trial that the value of this tract as shown by the
assessment thereof was $650 per acre, or a total of $34,000.

The vital question in the case is as to whether this
entire tract should be deemed as fronting or "abutting" up-
on the sewer in question in such sense that the tax should

1. MUNICIPAL
   CORPORATIONS:
   public improve-
   ment: assess-
   ment: limita-
   tion as to abut-
   ting property.

be assessed against it all as abutting prop-
erty.    The contention of the plaintiff is that
only so much of the tract should be deemed
abutting as is included within a reasonable
depth or distance from the sewer line, and
that so much of the tract as lay beyond such reasonable
depth or distance should not be deemed as abutting and
should not be included within the assessment.    This view
was adopted by the trial court.    In paving assessments the

statute expressly limits the same to property within a distance of one hundred and fifty feet. No such express limitation is made as to a sewer assessment. Neither is the assessment necessarily confined to abutting property, but may extend to adjacent property. In the case before us, however, no attempt was made to assess adjacent property. The entire cost was assessed to abutting property alone. In determining what is "abutting property" when an improvement passes through a large tract of a single owner, it seems to us inevitable that some reasonable limit should be set as to the depth of the alleged abutting property proposed to be assessed. In this case the plaintiff's property extended for over one thousand nine hundred feet from the frontage on Washington Avenue. From the double frontage on Thirteenth Street, it extended approximately six hundred feet in one direction and seven hundred feet in the other. These distances are much greater than the usual depth of ordinary city lots. We think, therefore, that the trial court was clearly right in setting some reasonable limit upon the area of plaintiff's property which could fairly be considered as abutting upon the sewer. As to what such reasonable limit should be is a question which must necessarily be determined by the particular facts of each given case. For the purpose of determining a reasonable limit in this case, the trial court treated the tract as thought it were platted and as though its streets and alleys were laid to conform with those already laid in either side of it. This was on the theory that the chief value of the tract depended upon its suitability for such purpose, and only for such purpose were the benefits of the sewer thereto apparent. The plaintiff produced a proposed plat which he contemplated filing, and reference was had thereto as a matter of convenience in computation. The following is a copy of such plat. (See next page.) The streets and alleys thereon are laid in conformance with the requirements of the statute. Code, section 916.

The practical solution reached by the trial court was that the frontage on Washington Avenue and Thompson Street should be deemed benefited as abutting property to the depth of one hundred and fifty feet, and that the frontage east of Thirteenth Street should be deemed benefited as abutting property to a depth of one hundred and sixty-nine feet, and that on the west of Thirteenth Street to a depth of one hundred and sixty-six feet. Approximation is the best that can be done in such a case. These

particular results were arrived at, as above indicated, by a consideration of what would be a practical and legal platting into city lots. All other abutting property upon which assessments were made for this particular sewer ranged in depth from one hundred and thirty feet to one hundred and sixty feet.

Applying to the case the limitations set by the trial court, then the total area of abutting property subject to assessment was reduced to eighteen and thirteen-hundredths acres. The value of this acreage at $650 per acre was $11,784.50. Under the statute the assessment could not exceed twenty-five percent of such valuation. The trial court therefore reduced the assessment on lot eight to one-fourth of such value. If the court was right in setting limits upon the depth of the alleged abutting property, then the reduction of the assessment to twenty-five percent of the valuation was a necessity under the statute. We think the trial court was right in its conclusions in that regard. Surely if plaintiff's tract had been actually platted in advance of laying the sewer, it would not be claimed that any abutting property extended to any greater depth than the depth of the abutting lots. There are some practical difficulties in the way of applying such a rule with exactness to an unplatted tract; but there is no practical difficulty in applying such a rule approximately, and this is what the trial court did.

II. The trial court filed a written opinion, and the appellant assails the argument thereof at some points. The trial court assumed that Twelfth and Fourteenth and York Streets must ultimately be extended through plaintiff's tract, and that the property abutting thereon must necessarily be assessed in the future for cost of sewers thereon. It is urged by appellant that these very sewers must empty their contents into the sewer under consideration as the main outlet, and that all such property was therefore necessarily benefited

2. Same: assessment: property indirectly benefited.

by such sewer, and it is urged that this is a complete answer to the position of the court. True it is that the sewer under consideration is a main sewer for a large area, and its cost has been increased thereby. Its diameter on Washington Avenue is fifteen inches; on Thirteenth Street through plaintiff's tract, eighteen inches; on Thompson Street, twenty inches. From the south it takes the flow of a twelve-inch sewer on York Street as well as a like sewer on Fourteenth Street. From De Motte's addition on the north it takes the flow of sewers on York Street and Twelfth and Thirteenth Streets. All such territory is therefore benefited by the construction of this main sewer in the same sense that plaintiff's more remote property is benefited thereby. But all such property is indirectly benefited either as adjacent or remote, and not as abutting property. The city council did not attempt to assess any part of the cost against adjacent property, but against abutting property only. Our inquiry therefore has been confined to the question as to what part of plaintiff's tract can fairly be deemed as abutting property and assessable as such. Such inquiry is not affected by the fact that more remote or adjacent property does receive indirect benefit from the improvement.

III. It is urged that there was no evidence of the value of the particular eighteen acres of area to which the assessment was confined. It was admitted on the trial

3. SAME: valuation of property: evidence.

below that the valuation of the property as made by the assessment roll for the preceding year was "about $650 an acre." No other evidence on the subject of valuation was introduced by either party. It is now urged that this admission had reference to the tract as a whole, and that it does not necessarily follow that such was the value of the particular eighteen acres to which the assessment is now confined. It is true that there might be a variation in the valuation of this portion of plaintiff's tract; but there is no evidence

to that effect in this record. The admission as to the valuation should be deemed presumptively, at least, applicable to each acre. We are satisfied with the conclusions of the trial court.

IV. At the time of the submission of this case, the death of plaintiff was suggested, and a motion was submitted with the case asking that his administrator be substituted as plaintiff. Such motion is sustained. The order of the trial court is in all respects *affirmed.*